UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Montoya Flores Rodolfo, | Case No. 17-cv-3066 (DWF/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| R. Bell, Warden, | |
| Respondent. | |

Montoya Flores Rodolfo, Reg # 14776-081, FMC Rochester, PMB 4000, Rochester, MN 55903 (*pro se* Petitioner); and

Miranda Dugi, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Montoya Flores Rodolfo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Pet., ECF No. 1); Petitioner's Motion Requesting Equitable Tolling (ECF No. 3); and Respondent R. Bell's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Resp.'s Mot. to Dismiss, ECF No. 6). This matter has been referred to the undersigned for a report and recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that this matter be dismissed without prejudice for lack of jurisdiction.

1

## II. BACKGROUND

Petitioner is currently confined at the Federal Medical Center in Rochester, Minnesota. (*See* Pet.; Resp.'s Mot. to Dismiss at 4.)

### A. Conviction & Sentence

In 2007, Petitioner was indicted in the United States District Court for the District of Utah "on one count of conspiracy to distribute one kilogram or more of heroin and . . . one count of possession with intent to distribute heroin." *Montoya-Flores v. United States*, Case No. 2:09-CV-891 (TS), 2010 WL 3447832, at *1 (D. Utah Aug. 30, 2010) (footnote omitted) [hereinafter *Montoya-Flores II*]. (*See United States v. Montoya-Flores*, 2:07-CR-572 (TS) (D. Utah) [hereinafter *Montoya-Flores I*] at ECF No. 43.) Petitioner subsequently pleaded guilty to the conspiracy count. *Montoya-Flores II*, 2010 WL 3447832, at *1. (*See Montoya-Flores I* at ECF Nos. 237, 238.)

In February 2009, Petitioner was "found to be a career offender" and sentenced to 262 months imprisonment. *Montoya-Flores II*, 2010 WL 3447832, at *5. (*See Montoya-Flores I* at ECF No. 546.) As part of the plea agreement, Petitioner waived the right to appeal his sentence except in certain limited circumstances and waived the right to challenge his sentence collaterally, including but not limited to 28 U.S.C. § 2255. *Montoya-Flores II*, 2010 WL 3447832, at *1. (*See Montoya-Flores I* at ECF No. 238.) Petitioner did not pursue a direct appeal. *Montoya-Flores II*, 2010 WL 3447832, at *1.

### B. Motion Under 28 U.S.C. § 2255

In October 2009, Petitioner brought a motion under 28 U.S.C. § 2255, challenging his sentence. *Id.* (*See Montoya-Flores II* at ECF Nos. 1, 2.) Petitioner challenged his

2

sentence on grounds that there was a disparity between his sentence and that of his co-defendants; the district court's finding regarding the drug quantity violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and he received ineffective assistance of counsel. *Montoya-Flores II*, 2010 WL 3447832, at *4-5. (*See Montoya-Flores II* at ECF Nos. 1, 2.)

The district court denied the motion. *Montoya-Flores II*, 2010 WL 3447832, at *5. The district court first found that Petitioner's collateral challenge to his sentence was "within the scope of [his] waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice." *Id.* at *3. The district court next found that, with the exception of the ineffective-assistance-of-counsel claim, Petitioner's claims could have been but were not raised on direct appeal, and therefore procedurally barred. *Id.* at *3-4.

Because Petitioner's ineffective-assistance-of-counsel claim was based on the failure to raise the sentencing-disparity and *Apprendi* claims on direct appeal, the district court turned to the merits of the claims themselves. *Id.* at *4-5. With respect to the sentencing disparity, the district court determined that "[t]he facts on the record justify the differences between Petitioner's sentence and those of his co-Defendants." *Id.* at *5. Recognizing that Petitioner's co-defendants "received a variety of sentences ranging from 33 to 240 months," the district court observed that, "unlike his co-Defendants, [Petitioner] was found to be a career offender." *Id.* "Further, Petitioner admitted to being responsible for a total of 1125 grams of heroin." *Id.* Therefore, "[a]ny disparity between [Petitioner's] sentence and that of his co-Defendants was based on the amount of

3

narcotics [he] admitted to distributing and his significant criminal history," and there was "no unwarranted disparity." *Id.*  Similarly, the district court rejected Petitioner's *Apprendi* claim because Petitioner "admitted that he was responsible for a total of 1125 grams of heroin" in the plea agreement. *Id.*

Lastly, the district court found that Petitioner "failed to meet his burden" with respect to his "general ineffective assistance argument." *Id.*  Because "each of Petitioner's claims . . . [was] without merit," Petitioner's counsel "was not ineffective for not raising them" and Petitioner had not shown cause or prejudice to overcome the procedural bar. *Id.* at *4.

### C.  Habeas Petition Under 28 U.S.C. § 2241

Petitioner brings the instant petition under 28 U.S.C. § 2241, asserting that his confinement is unconstitutional based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).  In *Mathis*, the Supreme Court considered approaches to determining whether a defendant has three qualifying prior convictions for the 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  136 S. Ct. at 2247-50.

> In such cases, proper determination of whether the defendant's prior convictions are of the type that constitute proper predicates for enhancement either requires a "categorical" approach, in which the sentencing court compares the category of enhancing offenses with the statutory elements of the prior offenses, or—with respect to statutes having multiple alternative elements—requires a "'modified categorical approach,'" in which the "sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)

4

> to determine what crime, with what elements, a defendant was convicted of."

*Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (per curiam) (quoting *Mathis*, 136 S. Ct. at 2248-49).

> The *Mathis* Court confronted the question of whether the lower courts' use of the modified categorical approach was appropriate when the defendant had previously been convicted not under a statute that had multiple, alternative elements but rather under one that "list[ed] multiple, alternative means of satisfying one (or more) of its elements."

*Id.* (alteration in original) (quoting *Mathis*, 136 S. Ct. at 2248). The Supreme Court held that the district court "erred in applying the modified categorical approach to determine the means by which Mathis committed his prior crimes" as such approach solely served "as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Mathis*, 136 S. Ct. at 2253.

Relying on *Mathis*, Petitioner asserts that his conviction under California Health & Safety Code § 11351 (possession or purchase for sale of designated controlled substances) "should not have been used to impose an enhancement sentence under the career offender sentencing guidelines." (Pet. at 1.) *See Washington*, 868 F.3d at 65 (noting that § 4B1.1, the career-offender provision, of the Sentencing Guidelines "calls for enhanced punishment when a defendant has previously been convicted of certain types and numbers of offenses" like 18 U.S.C. § 924(e)).

### III. ANALYSIS

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention. *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973). "A motion under 28

U.S.C. § 2241 challenges the *execution* of a sentence while a motion under 28 U.S.C. § 2255 challenges the *imposition* of a sentence." *Deleston v. Wilson*, No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014). "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

> Under 28 U.S.C. § 2255(e),
>
>> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner is asserting a collateral challenge to his sentence and therefore a motion under § 2255 is the exclusive remedy available to him unless he can show that § 2255 would be inadequate or ineffective. *Aragon-Hernandez v. United States*, No. 13-cv-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) ("A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004))); *see also Abdullah*, 392 F.3d at 959 ("A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing

that § 2255 would be inadequate or ineffective."). This "savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or sentence." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing 28 U.S.C. § 2255(e)). The petitioner has the burden of showing that the remedy under § 2255 is inadequate or ineffective. *Abdullah*, 392 F.3d at 959; *Hill*, 349 F.3d at 1091.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see Deleston*, 2014 WL 3384680, at *4 ("Courts have interpreted 'inadequate or ineffective' very narrowly."). To show that the remedy under § 2255 would be inadequate or ineffective, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *accord Abdullah*, 392 F.3d at 959. A motion under § 2255 is not inadequate or ineffective because § 2255 relief has already been denied, the petitioner has been denied permission to file a second or successive § 2255 motion, a second or successive § 2255 motion has been dismissed, or the one year statute of limitations and/or grace period has expired. *Hill*, 349 F.3d at 1091. A petitioner also cannot show that § 2255 is inadequate and ineffective where he had "any opportunity to bring his claim beforehand." *Abdullah*, 392 F.3d at 963. The savings clause in § 2255 is jurisdictional and "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1091.

Here, Petitioner cannot show that the remedy under § 2255 was inadequate or ineffective to test the legality of his sentence. "A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [sic] or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092; *see Lurie*, 207 F.3d at 1077-78 (petitioner failed to demonstrate § 2255 motion was inadequate or ineffective because claims raised in § 2241 petition could have been maintained in a § 2255 motion or on direct appeal); *see also Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241.").

In the instant case, nothing precluded Petitioner from raising the argument asserted here—"that his prior California state drug conviction should not have been used to impose an enhancement under the career offender sentencing guidelines"—in the § 2255 motion he filed with the sentencing court. *See Abdullah*, 392 F.3d at 963; *Hill*, 349 F.3d at 1092; *see also Clark v. United States*, No. 17-cv-2040 (SRN/DTS), 2017 WL 4685064, at *2 (D. Minn. Oct. 16, 2017) ("Nothing prevented Petitioner from raising the essence of this [*Mathis*] claim in his § 2255 motion."); *Blake v. United States*, No. 17-cv-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017) ("Nothing prevented Blake from making *Mathis*-type arguments at an earlier stage in his criminal case or as part of his motion under 28 U.S.C. § 2255."), *aff'd*, No. 17-2448, 2017 WL 6603620 (8th Cir. Oct. 24, 2017).

Moreover, assuming without deciding for purposes of the instant petition that *Mathis* is applicable to Petitioner, the fact that *Mathis* was decided several years after Petitioner filed his § 2255 motion does not render the remedy under § 2255 inadequate or ineffective. *See Sandlain v. English*, No. 17-3152, ___ F. App'x ____, 2017 WL 4479370, at *3 (10th Cir. Oct. 5, 2017) (fact that *Mathis* was decided after petitioner filed his initial § 2255 motion did not prevent petitioner from raising the argument in the motion and did not show § 2255 was inadequate or ineffective); *see also McCoy v. Maye*, No. 14-3104-RDR, 2015 WL 413642, at *3 (D. Kan. Jan. 30, 2015) ("Thus, petitioner's assumption that his claim would have been denied under the law prior to *Allenye*[ *v. United States*, 570 U.S. 99 (2013),] does not show that his § 2255 remedy was inadequate or ineffective."). Notably, the Supreme Court itself stated that the decision in *Mathis* was based on precedent in existence for more than 25 years, well before Petitioner's conviction, sentence, and § 2255 motion. *See, e.g.*, 136 S. Ct. at 2251 ("*Taylor*[ *v. United States*, 495 U.S. 575 (1990),] set out the essential rule governing ACCA cases more than a quarter century ago."), 2257 ("For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). Courts in this District and elsewhere have repeatedly held that *Mathis* did not constitute a change in law. *See Clark*, 2017 WL 4685064, at *2 ("As the Supreme Court noted, it had already stated the 'essential' principle of law underpinning *Mathis* 'more than a quarter century ago.'" (quoting 136 S. Ct. at 2251)); *Blake*, 2017 WL 2655098, at *1 ("*Mathis*, however, does not represent a change in the law; instead, 'its decision was dictated by decades of prior precedent.'" (quoting *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir.

9

2016)); *see also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) ("The Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)."); *Washington*, 868 F.3d at 65 ("[Petitioner's] view of *Mathis* is without merit, as its holding was not based on the Constitution and was based on a rule applied for decades."); *Taylor*, 672 F. App'x at 864 ("*Mathis* did not announce a new rule."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("Lott has failed to make a prima facie showing that *Mathis* and *McDonnell*[ *v. United States*, 136 S. Ct. 2355 (2016),] set forth new rules of constitutional law that have been made retroactive to cases on collateral review."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce such a [new] rule; it is a case of statutory interpretation.").

"[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589; *cf. Abdullah*, 392 F.3d at 963 ("We have previously held that § 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand.").

> [T]he fact that [Petitioner] or his counsel may not have *thought* of a [*Mathis*]-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument. The § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not [Petitioner] thought to raise it. And that is all the savings clause requires.

*Prost*, 636 F.3d at 589; *see Clark*, 2017 WL 4685064, at *2; *Blake*, 2017 WL 2655098, at

10

*1.  *But see Dawkins*, 829 F.3d at 551 ("An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241.").

As the Eighth Circuit Court of Appeals stated in *Abdullah*:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

392 F.3d at 965 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Therefore, because Petitioner has not shown that § 2255 was inadequate or ineffective to raise his sentencing argument, this Court lacks jurisdiction to consider his collateral challenge to his sentence under § 2241.  *See Abdullah*, 392 F.3d at 964; *Hill*, 349 F.3d at 1091; *see also Sandlain*, 2017 WL 4479370, at *4.  Accordingly, the Court recommends that Respondent's motion be granted and this matter be dismissed without prejudice for lack of jurisdiction.[1]  And, because the Court recommends that this matter be dismissed for lack of jurisdiction, the Court likewise recommends that Petitioner's motion requesting equitable tolling be stricken.[2]

---

[1] In his reply, Petitioner requests that a certificate of appealability be issued.  (Reply at 2, ECF No. 7.)  Certificates of appealability do not apply, however, to habeas petitions under § 2241.  *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010).

[2] Petitioner's motion requesting equitable tolling appears to be directed at the one year statute of limitation set forth in 28 U.S.C. § 2255(f)(3), which is measured from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  As stated above, however, *Mathis* did not announce a new rule.

# IV. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Respondent R. Bell's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) **BE GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) **BE DISMISSED WITHOUT PREJUDICE**.

3. Petitioner's Motion Requesting Equitable Tolling (ECF No. 3) **BE STRICKEN**.

4. This matter **BE DISMISSED WITHOUT PREJUDICE**.


Dated: January  10  , 2018                     *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               for the District of Minnesota


*Rodolfo v. Bell*
Case No. 17-cv-3066 (DWF/TNL)


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).